**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

| | |
|---|---|
| **DELTORIA GALLANT,**<br><br>Plaintiff,<br><br>**v.**<br><br>**MATTRESS GIANT CORP., d/b/a MATTRESS FIRM,**<br><br>Defendant. | **CIVIL ACTION NO.: 3:17-CV-136 (GROH)** |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

Pending before the Court is Plaintiff Deltoria Gallant's ("Plaintiff") *pro se* Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims and the remainder of Plaintiff's Complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Complaint be dismissed, without prejudice, and Plaintiffs' motion to proceed *in forma pauperis* be denied as moot.

## II. THE COMPLAINT

Before filing her complaint, Plaintiff worked (or perhaps still works) for Mattress

---

[1] This motion was referred to the undersigned by order dated November 8, 2017. Order of Referral, ECF No. 4.

Giant Corp. d/b/a Mattress Firm ("Mattress Firm"), presumably within the Northern District of West Virginia. During her employment, Plaintiff allegedly reported witnessing and experiencing gender and race based discrimination and harassment to her supervisors. In turn, Plaintiff claims that Mattress Firm retaliated against her for making said reports by repeatedly denying her adequate training. Plaintiff also claims that she was, among other things, threatened, verbally assaulted, and held against her will.

On November 7, 2017, Plaintiff filed the instant *pro se* Complaint alleging (1) gender and race based discrimination, (2), harassment, (3) hostile work environment, (4) retaliation, (5) illegal interrogation, (6) false imprisonment, (7) civil conspiracy, and (8) slander or libel. As a result, Plaintiff claims that Mattress Firm damaged her character and now she suffers from post-traumatic stress disorder ("PTSD"), depression, and anxiety. To compensate her for her damages, Plaintiff seeks $150,000 in damages, a written apology, and corrections to her employment record.

The undersigned addresses each claim, in turn, below.

## III. DISCUSSION

### A. Legal Standard

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to

ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also

Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for

failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

**B. Lack of Subject-Matter Jurisdiction**

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.00. Id. By contrast, federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Here, Plaintiff claims that Mattress Firm (and presumably its employees) engaged in gender and race based discrimination, retaliation, and harassment and permitted a hostile work in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012).[2] Specifically, Plaintiff claims that Mattress Firm retaliated

[2] Although Plaintiff's Complaint does not specifically mention Title VII, the undersigned liberally construes Plaintiff's claims as Title VII claims because she alleges gender and race based discrimination, retaliation, harassment, and a hostile work environment. The undersigned does not construe these claims as claims

against her for reporting said discrimination and harassment by repeatedly denying her adequate training.

This Court, however, lacks subject-matter jurisdiction to address Plaintiff's Title VII claims of gender and race based discrimination and retaliation. Although "Title VII . . . creates a federal cause of action for employment discrimination," a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction. Davis v. N.C. Dept. of Correction, 48 F.3d 134, 136–37 (4th Cir. 1995). Those procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission ("EEOC")] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." Id. at 137; see also 42 U.S.C. § 2000e-5(b). In addition, if "state law protects persons against the kind of discrimination alleged, 'complainants are required to resort' to 'state and local remedies' before they may proceed to the EEOC, and then to federal court, on their claims of discrimination under federal law." Id. (quoting N.Y. Gaslight Club, Inc. v. Carey, 447 U.S. 54, 62 (1980)); see also id. at 65 ("Initial resort to state and local remedies is mandated, and recourse to the federal forums is appropriate only when the State does not provide prompt or complete relief." (emphasis added) (citation omitted)); 42 U.S.C. § 2000e-5(c) ("[N]o charge may be filed [with the EEOC] under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated.").

---

pursuant to 42 U.S.C. § 1981, because Mattress Firm's alleged conduct was not "under color of State law."

In short, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis, 48 F.3d at 138–40). Because Plaintiff does not indicate whether she has exhausted her remedies under state law or through the EEOC, this Court is deprived of subject-matter jurisdiction to hear her Title VII claims. Accordingly, Plaintiff's Title VII claims must dismissed, without prejudice. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

**C. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted[3]**

**i. Illegal Interrogation**

Next, Plaintiff claims that she was the victim of an "illegal interrogation" while she was employed by Mattress Firm. As set forth above, a complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Here, there is no doubt that Plaintiff's statement that she "was subjected to an illigal [sic] interrogation" is nothing but conclusory. Because Plaintiff's claim is nothing more than a conclusory allegation without any supporting facts, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's illegal

---

[3] Liberally construing the Complaint, this Court has jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Maryland, Mattress Firm is a citizen of Texas, and the amount-in-controversy exceeds $75,000. Although it is not clear whether venue is proper, the undersigned need not decide the issue because even if venue is proper, Plaintiff's Complaint nevertheless fails to state a claim upon which relief can be granted.

interrogation claim must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

**ii. False Imprisonment**

Plaintiff claims that Mattress Firm falsely imprisoned her during her employment. Again, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Here, there is similarly no doubt that Plaintiff's bare-bone allegation that she was "held against [her] will" is nothing more than conclusory. Without more, Plaintiff's allegation fails to state a claim upon which relief can be granted. Because Plaintiff fails to state a claim upon which relief can be granted, Plaintiff's claim must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy, 376 F.3d at 258 (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

**iii. Civil Conspiracy**

Plaintiff also claims that she "was the victim of a conspiracy involving Mattress Firm employees." Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Here, Plaintiff's conclusory allegation of conspiracy falls woefully short of "pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Again, without more, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's

conspiracy claim must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy, 376 F.3d at 258 (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

**iv. Libel or Slander**

Plaintiff claims that Mattress Firm damaged her professional reputation. She contends, among other things, that her professional reputation was damaged when she was accused of taking money without a proper investigation.

> Under West Virginia law, slander, which is simply defamation through oral means, or libel, which is the written form of defamation, Greenfield v. Schmidt Baking Co., Inc., 199 W. Va. 447, 455, 485 S.E.2d 391, 399 (1997), requires proof of the elements of defamation, as previously set forth by this Court in syllabus point one of Crump v. Beckley Newspapers, Inc., 173 W. Va. 699, 320 S.E.2d 70 (1983): "The essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." [4]

Butts v. Royal Vendors, Inc., 202 W. Va. 448, 453, 504 S.E.2d 911, 916 (1998). In addition, "it is well established that although libel is generally perpetrated by written communication, it also includes defamation through the publication of pictures or photographs." Id. at 79.

[4] Because the Court's jurisdiction over this claim is based on diversity, the undersigned "must apply the choice-of-law rules of the state in which it sits." Bombardiere v. Schlumberger Tech. Corp., No. 1:11–CV–50, 2011 WL 2443691, at *5 (N.D. W. Va. June 14, 2011) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Accordingly, West Virginia conflicts rules apply. Here, it is apparent from the Complaint that Plaintiff's claim is based in tort. "In tort cases, West Virginia generally 'adheres to the conflicts of law doctrine of *lex loci delicti*.'" Bombardiere, 2011 WL 2443691, at *5 (quoting W.Va. ex rel. Chemtall, Inc. v. Madden, 216 W. Va. 443, 450–51, 607 S.E.2d 772, 779–80 (2004) (citation omitted)). "That is, the substantive rights between the parties are determined by the law of the place of injury." Id. at 780 (quoting Vest v. St. Albans Psychiatric Hosp., 182 W. Va. 228, 229, 387 S.E.2d 282, 283 (1989)). Based on the information contained in the Complaint, Plaintiff appears to have been "injured" by Mattress Firm's defamatory statement in West Virginia. Therefore, West Virginia tort law applies.

Here, is it clear that Plaintiff's conclusory allegation that Mattress Firm willfully damaged her character by misrepresenting her actions to the public is nothing more than that—conclusory. "While a court must accept all well-pled facts contained in the complaint as true when assessing a pleading, 'legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.'" Audiology Dist., LLC v. Hawkins, No. 5:13CV154, 2014 WL 3548833, at *4 (N.D. W. Va. July 17, 2014) (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

Because Plaintiff fails to state a claim upon which relief can be granted, Plaintiff's claim must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy, 376 F.3d at 258 (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

**v. Remaining Claims**

Lastly, Plaintiff claims that (1) Mattress Firm punished her multiple times for the same "thing"; (2) Mattress Firm punished her for "something" that occurred through no fault of her own; and (3) Mattress Firm punished her for "something" that occurred because of its own negligence. All of these allegations, however, fail to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Gibson, 355 U.S. at 47). In addition to being conclusory, Plaintiff does not state what "thing" she was punished for multiple times or what the "something" was that occurred through no fault of her own. Because Plaintiff fails to provide any factual basis for these allegations, Plaintiff fails to state a claim upon

which relief can be granted. Therefore, Plaintiff's claims must be dismissed, without prejudice. See 42 U.S.C. § 1915(e)(2)(B)(ii); see also Nagy, 376 F.3d at 258 (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## VI. RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims and the remainder of Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Deltoria Gallant may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 1st day of December, 2017.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE